WOOLERY and Another *v.* VORIS, Administrator of TYLOR.

APPEAL from the *Lawrence* Common Pleas.

HANNA, J.—*Voris,* as administrator *de bonis non* of the estate of *Tylor,* sued *Woolery* and *Woolery* on two notes, made payable to *Dunlavy,* former administrator of said estate.

The facts set up in defense, and proved, are, that at the time of the death of *Tylor, Woolery* held on him a note for $500, loaned money, secured by mortgage on a certain tract of land. That he gave the note to an attorney to collect, and the mortgage to foreclose, as there was no personal property to pay the debt; that the attorney filed a petition to sell the land, to be made assets for the payment of said mortgage debt first, and other debts in their order, &c.; that it was ordered to be sold on twelve and eighteen months' credit; that *Woolery* became the purchaser, for a sum less than his claim, under the assurance of *Dunlavy* that his bid should be credited on the said claim, and under the belief that it was a foreclosure; and gave his notes upon the solicitation of *Dunlavy,* that he wanted them to show the amount that should be credited, &c. The Court, upon receiving and affirming the sale of said lands, ordered a deed to be made to *Woolery,* without awaiting or ordering the collection of said notes, or taking any further notice of them. The notes were given in *June,* 1853, and this suit commenced in *December,* 1858. Was the defense sufficient?

Nov. Term,
1860.

We are of opinion that the judgment, which was for the plaintiff below, should be reversed. Under the pleadings and facts shown upon the trial, we think the jury should have found for the defendants. It is evident that the Court, which affirmed the sale of the land, regarded the bid thereon as an extinguishment of the purchaser's claim to that amount; otherwise a deed would not have been ordered without some further action in reference to the purchase money so bidden.

If there had been no agreement with the administrator in reference to the application of said bid; or if the petition to sell had not been presented with reference to the payment of said mortgage debt; or if the estate had been shown to be insolvent, then there might be more plausibility in urging the maintainance of said judgment.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

